## S97Y1651. IN THE MATTER OF MICHAEL J. BROWN.
### (493 SE2d 191)

PER CURIAM.

Following a finding of probable cause by the Investigative Panel, the State Bar properly served Michael John Brown with the Notice of Discipline in this case. Brown failed to file a Notice of Rejection and

is, therefore, in default. See Bar Rule 4-208.1.

By virtue of his default, Brown has admitted violating various professional standards in connection with his representation of a client in a divorce matter. Brown agreed to handle the divorce case, accepted money for his fee, had the client sign pleadings that Brown said he would file but which he did not file, did not return the client's file or his unearned fee, and converted the client's money to his own use and commingled it with his own funds. After the client filed a grievance, Brown failed to respond to the Investigative Panel regarding the client's grievance and failed to file a response to the Notice of Investigation as required by Bar Rule 4-204.3.

We agree with the State Bar that Brown's conduct in this case violated Standards 4 (professional conduct involving dishonesty, fraud, deceit or wilful misrepresentation); 21 (failure to withdraw from employment on discharge by the client); 22 (failure to properly withdraw from employment); 23 (failure on withdrawal from employment to promptly refund unearned fees); 44 (wilful abandonment or disregard of a client's legal matter); 45 (using false statements or otherwise engaging in illegal conduct or conduct in violation of disciplinary rules in the representation of a client); 61 (failure to promptly notify a client of the receipt of client funds or property and to promptly deliver the funds or property to the client); 63 (failure to maintain complete records of client); 65 (commingling client funds with those of the lawyer); and 68 (failure to respond to disciplinary authorities in accordance with disciplinary rules). See Bar Rule 4-102 (d).

Because these violations warrant the sanction of disbarment, we order that Michael John Brown be disbarred from the practice of law in Georgia. He is reminded of his duties under Bar Rule 4-219 (c) (1) and (2).

*Disbarred. All the Justices concur.*

DECIDED OCTOBER 6, 1997.

*William P. Smith III, General Counsel State Bar, Jonathan W. Hewett, Assistant General Counsel State Bar,* for State Bar of Georgia.