S98Y0512, S98Y0846. IN THE MATTER OF JACQUILIN REEVES.
(497 SE2d 570)

PER CURIAM.

These are two disciplinary proceedings against Respondent Jacquilin Reeves, one instigated by the State Bar's Formal Complaint (Case No. S98Y0846) and the other by the State Bar's Petition for Emergency Suspension (Case No. S98Y0512), which Reeves proposes to resolve by her Petition for Voluntary Discipline, whereby she admits violating Standard 65 (D) (duty to properly maintain trust account for client funds held in fiduciary capacity), and seeks a thirty-six-month suspension, with conditions on reinstatement.

The State Bar filed a Formal Complaint in Case No. S98Y0846, charging Reeves with violating Standards 4 (professional conduct involving dishonesty, fraud, deceit, or wilful misrepresentation), 65 (D), and 68 (failure to respond to disciplinary authorities) of Bar Rule 4-102 (d) in connection with client matters. In particular, the Bar alleged Reeves issued five checks on her escrow account which were returned for insufficient funds. Subsequently, and based on charges

unrelated to those alleged in its Formal Complaint, the State Bar filed a Petition for Emergency Suspension in Case No. S98Y0512 in which the Bar alleged Reeves violated various disciplinary standards in connection with five different clients, including: failure to do work agreed upon and to communicate with clients; failure to return unearned funds to clients; failure to account for and conversion of funds held in a fiduciary capacity as settlement for clients; and entering into settlements without client authorization.

Following Reeves' default in Case No. S98Y0846 for failure to file a timely response, and prior to the hearing scheduled in the State Bar's Petition for Emergency Suspension in Case No. S98Y0512, Reeves filed her Petition for Voluntary Discipline in Case No. S98Y0846. The State Bar has no objection to Reeves' petition and the special master recommends that this Court accept it. After review of the records in both cases, we agree with the recommendation of the special master and accept Reeves' Petition for Voluntary Discipline. Accordingly, it is hereby ordered that Reeves be suspended for a period of not less than 36 months from the date of this opinion, and that she be reinstated only on fulfillment of the following conditions:

(a) That she place herself under the jurisdiction of the State Bar Lawyer Assistance Program (LAP) for evaluation, treatment and monitoring of any condition the LAP may determine appropriate;

(b) That she provide any and all waivers required to allow LAP to provide information to the Office of the General Counsel of the State Bar of Georgia concerning Reeves' condition, treatment, and progress;

(c) That no sooner than the end of the thirtieth month after this Court's opinion in this matter, Reeves shall take the Georgia Multi-State Professional Responsibility Exam (MPRE) or its successor. Reeves must obtain certification from the Board of Bar Examiners of her passage of the MPRE before she can apply for readmission to practice;

(d) That no sooner than the end of the thirty-sixth month after this Court's opinion in this matter, Reeves may request that LAP review its records concerning Reeves. Reeves must obtain certification from LAP that, based on its review, Reeves exhibits no symptom of any condition that would make Reeves a danger to the public or her clients in the course of her practice of law. Reeves must obtain this certification before she can apply for readmission to practice law;

(e) That no sooner than the end of the thirty-sixth month after this Court's opinion in this matter, but subsequent to obtaining certification from LAP, Reeves may request that the Office of General Counsel of the State Bar of Georgia review its records concerning Reeves. Reeves must obtain certification from the Office of General Counsel that, based on its review, Reeves has engaged in no conduct

which would make her a danger to the public or her clients in the course of her practice of law. Reeves must obtain this certification before she can apply for readmission to practice law;

(f) Reeves shall serve upon the Office of General Counsel copies of any certifications from LAP and from the Board of Bar Examiners concerning her passage of the MPRE;

(g) Reeves shall file any certification from the Board of Bar Examiners, LAP and the Office of General Counsel with the State Disciplinary Board;

(h) Reeves shall file any request for readmission to practice with the appropriate Board as provided by the then applicable Bar Rules. Reeves' request must show that she has met all the conditions of reinstatement.

The Office of General Counsel shall file a response of the State Bar of Georgia to Reeves' request for reinstatement. The Board shall review the record of this proceeding, including the certifications, Reeves' request and the State Bar's response. The Board shall file with this Court its report and recommendation on Reeves' reinstatement.

We agree with the special master that the State Bar's Petition for Emergency Suspension, Case No. S98Y0512, is moot and, accordingly, that action is dismissed. We note, however, that this dismissal does not preclude the State Bar, at a future date, from instigating disciplinary proceedings against Reeves regarding the allegations set forth in the Petition for Emergency Suspension.

*Petition for Voluntary Discipline in Case No. S98Y0846 accepted. Thirty-six-month suspension with conditions on reinstatement. Petition for Emergency Suspension in Case No. S98Y0512 dismissed as moot. All the Justices concur.*

DECIDED APRIL 13, 1998.

*William P. Smith III, General Counsel State Bar, E. Duane Cooper, Assistant General Counsel State Bar,* for State Bar of Georgia.