S99Y0165, S99Y0166. IN THE MATTER OF JACQUILIN REEVES (two cases).
(511 SE2d 516)

PER CURIAM.

The State Bar filed two separate Notices of Discipline against Respondent Jacquilin Reeves which were personally served on Reeves on November 3, 1998. In the Notice of Discipline filed in Case No. S99Y0165, the State Bar alleged Reeves violated Standards 4 (lawyer shall not engage in professional conduct involving dishonesty, fraud, deceit, or wilful misrepresentation); 21 (lawyer shall withdraw from employment of client if discharged by client); 22 (law

yer shall not withdraw from employment until he has taken reasonable steps to avoid foreseeable prejudice to the rights of his client); 23 (lawyer who withdraws from employment shall refund promptly any part of fee paid in advance that has not been earned); 44 (lawyer shall not wilfully abandon or disregard a legal matter entrusted to him); 61 (lawyer shall promptly notify client of receipt of funds, securities and other properties and promptly deliver same to client); 63 (lawyer shall maintain complete record of all funds, securities and other properties of a client and promptly render appropriate accounts to client); 65 (lawyer shall not commingle client's funds with his own and shall not fail to account for trust property held in any fiduciary capacity); and 68 (lawyer shall not fail to respond to disciplinary authorities during investigation of complaint) of Bar Rule 4-102 (d). In the Notice of Discipline filed in Case No. S99Y0166, the State Bar alleged violations of Standards 3 (lawyer shall not engage in illegal professional conduct involving moral turpitude); 4; 45 (lawyer shall not institute, cause to be instituted or settle a legal proceeding or claim without obtaining proper authorization from his client); 61; 65; and 68 of Bar Rule 4-102 (d). Upon her failure to respond to the Notices of Discipline within the time set by Bar Rule 4-208.3 (a), Reeves was in default of both Notices pursuant to Bar Rule 4-208.1 (b), and is subject to discipline by this Court. The State Bar has recommended disbarment as an appropriate sanction for Reeves' violations of Standards 3, 4, 21, 22, 23, 44, 45, 61, 63, 65, and 68 of Bar Rule 4-102 (d). We agree.

Under the facts presented, Reeves settled one case on behalf of a client and retained a portion of the settlement to pay one of the client's medical providers but never paid the provider and instead converted the funds to her own use. She subsequently failed and refused to account for the funds withheld and failed to respond to the State Bar's Notice of Investigation after being personally served. In the second matter, Reeves settled a client's claim with an insurance company, and after receiving a draft payable to both herself and the client, negotiated the draft without the client's knowledge or authorization and received the benefits which she then converted to her own personal use. Reeves failed and refused to account for the funds received from the draft and failed to respond to the State Bar's Notice of Investigation following service of same by publication pursuant to Bar Rule 4-203.1 (b) (3) (ii).

We agree with the State Bar that disbarment is warranted as a result of Reeves' violation of Standards 3, 4, 21, 22, 23, 44, 45, 61, 63, 65, and 68 of Bar Rule 4-102 (d) and note as factors in aggravation that Reeves has previously had her license to practice law suspended for 36 months by this Court for her admitted violation of Standard 65 (D) (see *In the Matter of Reeves*, 269 Ga. 390 (497 SE2d 570) (1998));

that Reeves knowingly converted client property in these cases; and that Reeves failed and refused to respond to or participate in these disciplinary proceedings. Accordingly, Reeves is hereby disbarred from the practice of law in Georgia. She is reminded of her duties under Bar Rule 4-219 (c).

*Disbarred. All the Justices concur.*

DECIDED FEBRUARY 8, 1999.

*William P. Smith III, General Counsel State Bar, E. Duane Cooper, Assistant General Counsel State Bar,* for State Bar of Georgia.