S99Y1663, S99Y1664. IN THE MATTER OF GEORGE W. GREENWOOD III (two cases).
(524 SE2d 210)

PER CURIAM.

The State Bar filed two Notices of Discipline against Respondent George W. Greenwood III alleging violations of Standards 4 (professional conduct involving dishonesty, fraud, deceit, or wilful misrepresentation); 22 (lawyer shall not withdraw from employment until he has taken reasonable steps to avoid foreseeable prejudice to the rights of his client); 23 (lawyer who withdraws from employment shall refund promptly any part of a fee paid in advance that has not been earned); 44 (wilful abandonment or disregard of a legal matter to the client's detriment); 45 (lawyer shall not knowingly make a false statement of law or fact, or engage in illegal conduct or conduct

contrary to a disciplinary rule); 61 (lawyer shall promptly notify client of the receipt of his funds, securities or other properties and shall promptly deliver same to the client); 63 (lawyer shall maintain complete records of all funds, securities, and other properties of a client coming into his possession and shall render appropriate accounts to his client regarding them); and 65 (lawyer shall not commingle his client's funds with his own and shall not fail to account for trust property, including money and interest paid on the client's money, if any, held in a fiduciary capacity) of Bar Rule 4-102 (d). The State Bar personally served Greenwood with the notices, but he failed to file Notices of Rejection within the 30 days provided by Bar Rule 4-208.3 (a). Accordingly, he is in default, has no right to an evidentiary hearing and is subject to discipline by this Court. Bar Rule 4-208.1 (b). The State Bar recommends disbarment as the appropriate sanction in these cases.

In one case, Greenwood authorized two debits from his attorney trust account, causing an overdraft of funds in the account and resulting in negative balances. In the other case, Greenwood agreed to represent a client in a criminal matter and requested a $5,000 fee, on account of which the client's mother made an installment payment. Greenwood subsequently demanded another $5,000; that the client pay the balance of the first $5,000 immediately and execute a promissory note for the remaining $5,000; and that the client's mother give him her mink coat worth between $5,000 and $7,000 as collateral on the note. Greenwood nevertheless failed and refused to perform the legal services for which he was hired, as a result of which the client suffered unnecessary delay of his case and remained in pre-trial detention. After being discharged by the court, Greenwood failed and refused to return the client's file, any portion of the cash paid or the mink coat, and further failed and refused to account for his unearned fee or the coat.

In requesting disbarment, the State Bar notes that Greenwood has converted property held in trust and engaged in a pattern of neglect with respect to client matters causing serious potential injury to the client (having previously been issued four Letters of Formal Admonition for violating, variously, Standards 4, 21 (lawyer shall withdraw from employment if discharged by the client), 22, 23, 28 (lawyer may not reveal the confidence and secrets of his client), 44, and 68 (lawyer must respond to disciplinary authorities)) of Bar Rule 4-102 (d), and has substantial experience in the practice of law, having been admitted to practice in 1980. We conclude that disbarment is warranted as a result of Greenwood's violations of Standards 4, 22, 23, 44, 45, 61, 63 and 65 in these cases. Accordingly, Greenwood is disbarred from the practice of law in Georgia. He is reminded of his duties under Bar Rule 4-219 (c).

*Disbarred. All the Justices concur.*

DECIDED NOVEMBER 15, 1999.

*William P. Smith III, General Counsel State Bar, E. Duane Cooper, Assistant General Counsel State Bar,* for State Bar of Georgia.