S01Y0374, S01Y0508. IN THE MATTER OF JEFFREY ROSS BOWIE (two cases).
(554 SE2d 153)

PER CURIAM.

In response to separate grievances filed by former clients against respondent Jeffrey Ross Bowie, a member of the State Bar of Georgia since 1991, a Special Master appointed by this Court in S01Y0508 and the Investigative Panel of the Disciplinary Board of the State Bar of Georgia in S01Y0374 have recommended that respondent be disbarred from the practice of law in Georgia. We agree with their recommendations and hereby disbar respondent.

In November 1998, a corporate representative hired respondent to represent the corporation in a breach of contract claim. After repeated inquiries from the client, respondent sent to the corporate representative a copy of the complaint he purportedly filed on behalf of the corporation and a copy of the answer purportedly filed by the defendant. In fact, the defendant had not been served and had not filed an answer. When, in April 1999, the corporate representative directed respondent to withdraw from the case and return the file to the client, respondent produced an incomplete file; did not respond to the continued requests for the complete file; did not return the funds entrusted to him by the client; and used those funds for his own benefit. In October 1999, he did not respond to the Notice of Investigation served by publication after efforts to serve him at the address he

---

[2] *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).
[3] Id.

had provided the State Bar's membership department proved fruitless. In February 2000, this Court suspended respondent's license to practice law in Georgia, pursuant to Bar Rule 4-204.3 (d). Thereafter, the special master appointed by this Court found that respondent's conduct violated Standard 4 (engaging in professional conduct involving dishonesty, fraud, deceit or wilful misrepresentation); Standard 22 (b) (withdrawing from employment without taking reasonable steps to avoid foreseeable prejudice to the client); Standard 44 (wilfully abandoning or disregarding a legal matter to the client's detriment); Standard 45 (b) (knowingly making a false statement of fact); Standard 65 (A) (commingling client and personal funds); Standard 65 (D) (withdrawing trust account funds for personal use); and Standard 68 (failing to respond to disciplinary authorities).

Another client filed a grievance against respondent in September 1999. That client asserted she had retained respondent in 1998 to represent her in a legal matter arising from an automobile collision. At the client's request, respondent provided her with the case's file number, which the client later learned from the court clerk was an invalid case number. Despite the client's attempts, respondent refused to communicate with her about her legal matter. In her grievance, the client noted that if respondent had not filed suit by September 1999, her cause of action was lost. Again, respondent did not respond to the Notice of Investigation. The Investigative Panel determined there was probable cause to believe respondent had violated Standards 44 (wilfully abandoning or disregarding a legal matter to the client's detriment) and 68 (failure to respond to notice of disciplinary authorities) of the Standards of Conduct set forth in Bar Rule 4-102 (d), and a Notice of Discipline was served on respondent by publication. See State Bar Rule 4-203.1 (b) (3) (ii).

Respondent's undisputed conduct warrants the sanction of disbarment. *In the Matter of Greenwood*, 271 Ga. 702 (524 SE2d 210) (1999); *In the Matter of Reeves*, 270 Ga. 507 (511 SE2d 516) (1999); *In the Matter of Brown*, 268 Ga. 477 (493 SE2d 191) (1997). There is no evidence of mitigating circumstances. See *In the Matter of Bryson*, 269 Ga. 581 (502 SE2d 219) (1998). Accordingly, it is hereby ordered that Jeffrey Ross Bowie be disbarred from the practice of law in Georgia. He is reminded of his duties under Bar Rule 4-219 (c).

*Disbarred. All the Justices concur.*

DECIDED OCTOBER 5, 2001.

*William P. Smith III, General Counsel State Bar, K. Gene Chapman, Assistant General Counsel State Bar*, for State Bar of Georgia.