## IN THE MATTER OF P. J. WEINER.

(SUPREME COURT DISCIPLINARY NOS. 812, 813, 814, 815, 816)

(402 SE2d 274)

PER CURIAM.

In all of the above matters the Special Master found that Mr. Weiner failed to respond to the State Bar's formal complaints and the State Bar's Motions for Findings of Fact and Conclusions of Law by Default. The Special Master found that the findings of fact and conclusions of law should be admitted as conclusively established.

In Case No. 812 the Special Master found and the State Disciplinary Board Review Panel adopted the findings that Mr. Weiner accepted $590 to handle a bankruptcy case and totally abandoned the matter without refunding the fee. The Special Master concluded and the State Disciplinary Board Review Panel accepted his conclusions that Mr. Weiner violated the following standards of Bar Rule 4-102: 4, 44, 22, 23, 63, 65, 68 in that he retained a fee for which he performed insufficient services, abandoned a legal matter entrusted to him, withdrew from representation without taking reasonable steps to avoid foreseeable prejudice to his client, failed to refund any portion of the attorney fees paid him, failed to account for unearned attorney fees, and failed to respond to a complaint with the investigative panel of the State Disciplinary Board.

In Case No. 813, the Special Master found and the State Disciplinary Board Review Panel accepted his findings that Mr. Weiner accepted $590 to handle a bankruptcy case and totally abandoned this matter without refunding the fee to the client. The Special Master concluded and the State Disciplinary Board Review Panel accepted his conclusions that Mr. Weiner violated the following standards of Bar Rule 4-102: 4, 44, 22, 23, 63, 65, 68 in that he retained a fee for

which he performed insufficient services, abandoned a legal matter entrusted to him, withdrew from representation without taking reasonable steps to avoid foreseeable prejudice to his client, failed to refund any portion of the attorney fees paid him, failed to account for unearned attorney fees, and failed to respond to a complaint with the investigative panel of the State Disciplinary Board.

In Case No. 814 the Special Master found and the State Disciplinary Board Review Panel adopted his findings that Mr. Weiner accepted $1,000 to handle a traffic citation which his client was given following an accident. He also agreed to represent the client in a personal injury suit arising from the same accident for a 30 percent contingency fee. He abandoned his client without refunding the unearned fee. Further, only after his client filed criminal charges against Mr. Weiner for forgery and filed a complaint with the State Bar did he pay her the $8,270 entrusted to him by State Farm Insurance Company on her behalf. The Special Master concluded and the State Disciplinary Board Review Panel accepted his conclusions that he violated the following standards of Bar Rule 4-102: 4, 45, 44, 22, 23, 61, 63, 65, 68 in that his conduct constituted dishonesty, fraud, and wilful misrepresentations, in that he abandoned a legal matter entrusted to him, withdrew from representation without taking reasonable steps to avoid prejudice to his client, failed to promptly notify and deliver funds received on behalf of his client, converted his client's funds to his own use, failed to refund any portion of the attorney fees paid him, failed to account for unearned attorney fees, and failed to respond to a complaint with the investigative panel of the State Disciplinary Board.

In Case No. 815, the Special Master found and the State Disciplinary Board Review Panel accepted his findings that Mr. Weiner accepted $2,000 for the representation of a person incarcerated in the Clayton County Jail. After making one phone call on behalf of the client, he abandoned the legal matter entrusted to him. He did not do sufficient work to earn the full $2,000 and never refunded the unearned portion. The Special Master concluded and the State Disciplinary Board Review Panel accepted his conclusions that he violated the following standards of Bar Rule 4-102: 44, 23, 63, 65, 68 in that he abandoned a legal matter entrusted to him, failed to refund unearned attorney fees paid him, failed to account for unearned attorney fees, and failed to respond to a complaint with the investigative panel of the State Disciplinary Board.

In Case No. 816, the Special Master found and the State Disciplinary Board Review Panel accepted his findings found that Mr. Weiner accepted $2,500 from a couple to represent their son in seeking early parole and took no steps to perform the work for them or to refund the money. The Special Master concluded and the State Disci-

plinary Board Review Panel accepted his conclusions that he violated the following standards of Bar Rule 4-102: 4, 45, 44, 22, 23, 63, 65, 68 in that he made misrepresentations to his clients, abandoned a legal matter entrusted to him, withdrew from representation without taking reasonable steps to avoid prejudice to his client, failed to refund any portion of the attorney fees paid him, failed to account for unearned attorney fees, and failed to respond to a complaint with the investigative panel of the State Disciplinary Board.

The Special Master recommended that Mr. Weiner be disbarred because of his conduct in Case Nos. 812, 813, 814, 815, and 816. He stated that the conduct was aggravated by Mr. Weiner's complete disregard for his clients and for the disciplinary processes of the State Disciplinary Board. The State Disciplinary Board Review Panel accepted the recommendation of the Special Master, and we concur.

*Disbarred. All the Justices concur.*

DECIDED APRIL 4, 1991.

*William P. Smith III, General Counsel State Bar, Viola S. Drew, Assistant General Counsel State Bar,* for State Bar of Georgia.