## S92G0457. DAVIS et al. v. FINDLEY.
(422 SE2d 859)

BELL, Presiding Justice.

We granted certiorari to the Court of Appeals in *Findley v. Davis*, 202 Ga. App. 332 (414 SE2d 317) (1991), to determine "whether the plaintiff's allegation that the defendants charged excessive fees for legal services is sufficient to sustain a claim for legal malpractice." We conclude that it does not, and find that the Court of Appeals erred in ruling otherwise.

Appellee Findley sued the appellants, Davis and his professional corporation, alleging, inter alia, legal malpractice on the ground that "[d]efendant's fee in connection with the . . . Lakeview Mobile Home Park sale constitute(s) illegal and clearly excessive fees in violation of the Canon of Ethics of the State Bar of Georgia."[1] In support of his claim the appellee attached an affidavit in which the affiant opined that if the appellee's allegation were true, then the appellants' collection of excessive fees constituted malpractice. The trial court granted summary judgment to the appellants but the Court of Appeals reversed in part, ruling in connection with the mobile home park sale that, notwithstanding the existence of a valid and binding fee contract, a jury question existed as to whether the appellants' collection of an allegedly "clearly excessive fee" in violation of the Georgia Code of Professional Conduct supplied the elements necessary to sustain an action for professional malpractice. *Findley*, supra, 202 Ga. App. at 335-337 (2b).

The Code of Professional Responsibility, DR 2-106 (A), provides that a lawyer should not "enter into an agreement for, charge or collect an illegal or clearly excessive fee." Moreover, Standard 31 of Bar Rule 4-102 (d) prohibits the charging of a "clearly excessive fee," a violation of which is subject to disciplinary action, see Bar Rule 4-102 (b). Whether an attorney's alleged violation of an ethical duty imposed by statute or by the Code of Professional Conduct gives rise to a cause of action independent of the imposition of remedies provided by the bar rules has been considered in this state and in other jurisdictions. In *East River Savings Bank v. Steele*, 169 Ga. App. 9, 11 (311 SE2d 189) (1983), the Court of Appeals held that a civil suit against an attorney for intentional infliction of emotional distress arising from an alleged violation of a rule of professional conduct could not lie, and therein noted as follows:

> [M]ost courts which have directly addressed the question have rejected the notion of implying a civil cause of action

---

[1] The facts of this case are set out in the Court of Appeals' opinion, and will not be reiterated in full in this opinion.

for damages arising from a violation of a rule of professional conduct. [Cit.] The better rule appears [to be]: "[A]n alleged violation [of a rule of the Code of Professional Responsibility], *standing alone*, cannot serve as a legal basis to support plaintiff's civil action seeking money damages. . . ." [Emphasis supplied.]

In *Roberts v. Langdale*, 185 Ga. App. 122 (1) (363 SE2d 591) (1987), the Court of Appeals upheld the grant of summary judgment to the defendant-attorney in an action for legal malpractice, finding that a violation of the Code of Professional Responsibility alone could not establish a basis for a negligence action. Other courts which have addressed this issue have held that a violation of those states' versions of the Code of Professional Responsibility does not give rise to a private cause of action for damages against attorneys. See, e.g., *Hizey v. Carpenter*, 830 P2d 646 (Wash. 1992); *Lazy Seven Coal Sales v. Stone & Hinds, P. C.*, 813 SW2d 400 (Tenn. 1991); *Terry Cove North v. Marr & Friedlander, P. C.*, 521 S2d 22 (Ala. 1988); *Bob Godfrey Pontiac v. Roloff*, 630 P2d 840 (Or. 1981).

The Preamble to the Code of Professional Responsibility provides that its purpose is to guide the "conduct and motives of the members of our profession . . . [so] as to merit the approval of all just men." The State Bar Rules limit the remedies for a violation of the standards of conduct to "disciplinary action and/or punishment," Rule 4-102 (a); and in a long line of cases the disciplinary nature of the sanctions applied is apparent.[2] Thus, while the Code of Professional Responsibility provides specific sanctions for the professional misconduct of the attorneys whom it regulates, it does not establish civil liability of attorneys for their professional misconduct, nor does it create remedies in consequence thereof.

As noted by the Court of Appeals, it is axiomatic that an attorney is required to use reasonable care and skill in handling the affairs of a client and that the failure to employ such skill may result in liability by the attorney for damages to his client. *Findley v. Davis*, supra, 202 Ga. App. at 336-337. Inasmuch as the appellee seeks to support his cause of action for malpractice *solely* in reliance upon duties imposed by the Code of Professional Conduct, the conclusion by the Court of Appeals to the contrary must be overruled and the judgment of the trial court affirmed.[3]

---

[2] See, e.g., *In the Matter of Weiner*, 261 Ga. 159 (402 SE2d 274) (1991); *In the Matter of Crews*, 260 Ga. 90 (392 SE2d 532) (1990); *In the Matter of Jones*, 259 Ga. 191 (377 SE2d 156) (1989); *In the Matter of Sikes*, 258 Ga. 42 (364 SE2d 866) (1988).

[3] We would like this case to serve as a reminder that arbitration is offered through the State Bar to resolve fee disputes between lawyers and clients. State Bar Rules 6-101 et seq.

*Judgment reversed. All the Justices concur; Hunstein, J., not participating.*

DECIDED DECEMBER 1, 1992 —
RECONSIDERATION DENIED DECEMBER 17, 1992.

*Troutman, Sanders, Lockerman & Ashmore, William N. Withrow, Jr., A. William Loeffler,* for appellants.
*Jones, Brown, Brennan & Eastwood, Taylor W. Jones, Rebecca A. Copeland,* for appellee.