S94Y1528. IN THE MATTER OF MARTIN B. FINDLEY.
(453 SE2d 23)

PER CURIAM.

The Investigative Panel of the State Disciplinary Board of the State Bar of Georgia filed a Notice of Discipline seeking to disbar Martin B. Findley after it found probable cause to believe Findley had violated Standards 3 (engaging in professional conduct involving moral turpitude), 4 (engaging in professional conduct involving dishonesty, fraud, deceit, or wilful misrepresentation), 44 (wilful abandonment or disregard of client's legal matter), 45 (knowingly engaging in illegal conduct or conduct contrary to a disciplinary rule), and 68 (failure to respond in accordance with State Disciplinary Board rules) of Bar Rule 4-102 (d).[1]

The Investigative Panel based its finding of probable cause on the following facts: Tholand International, Inc. retained Findley to represent it in a suit Tholand filed in Henry County Superior Court. Tholand requested that Findley take steps to add the First State Bank of Stockbridge as a defendant in the suit. Findley informed his client that he had filed suit against First State, when he had not.

---

[1] Findley has been under an emergency suspension pursuant to Rule 4-108 since February 21, 1994. *In the Matter of Martin B. Findley,* 263 Ga. 832 (441 SE2d 410) (1994).

Findley also misrepresented to his client that he had obtained a restraining order preventing First State from foreclosing on Tholand's property, and finally, Findley fabricated an "answer" on behalf of First State. Findley forged the name of another attorney as counsel for First State on the "answer."

Findley was served with the Notice of Discipline on September 8, 1994. Findley's notice of rejection of discipline, filed October 5, 1994, was plainly inadequate because he did not make a "written response to the pending grievance" prior to or at the time of filing his notice of rejection as required by Bar Rule 4-208.3 (b). Findley's amended notice of rejection, in which he admits the essential facts outlined above, attempted to correct this defect, but was untimely. Bar Rule 4-208.3. Findley, therefore, stands in default under Bar Rule 4-208.3 and his amended notice fails to show good cause for opening the default.

After considering the record in this case, including Findley's admissions, we hereby order that Martin B. Findley is disbarred from the practice of law in Georgia. He is reminded of his duties under Bar Rule 4-219 (c) and is directed to certify to this Court that he has satisfied the requirements of that Rule.

*Disbarred. All the Justices concur.*

DECIDED FEBRUARY 13, 1995.

*William P. Smith III, General Counsel State Bar, Bridget B. Bagley, Deputy General Counsel State Bar,* for State Bar of Georgia.