S95Y1347, S95Y1459. IN THE MATTER OF MILTON L. McDONALD (two cases).
(464 SE2d 605)

PER CURIAM.
The Investigative Panel of the Disciplinary Board of the State of Georgia conducted an investigation into three grievances filed against Milton L. McDonald (SCD 2750, 2791, and 2796), and issued a Notice of Discipline. It subsequently conducted a second investigation into a fourth grievance filed against McDonald (SCD 3016), and issued a second Notice of Discipline. Even though McDonald received proper service of both Notices of Discipline, he failed to file timely response thereto, and consequently is in default in both cases. See Bar Rule 4-108.1.

McDonald has been the recipient of other disciplinary sanctions

---

in the past. He received a formal letter of admonition in 1991 for engaging in conduct violative of Standards 4, 21, 22, 44, and 45 of Bar Rule 4-102, and a second formal letter of admonition in 1993 for engaging in conduct violative of Standards 44 and 45 of Bar Rule 4-102.

1. In Case No. S95Y1347, the investigation into the grievances filed against McDonald revealed that three of the escrow accounts held by McDonald for the benefit of clients during 1990-1993 were overdrawn by approximately $262,566. The investigation also revealed that McDonald testified in a civil action that, while acting as a real estate closing attorney on behalf of a different client, an escrow account held for that client was overdrawn in excess of $175,000. McDonald had commingled his client's funds with his own in his trust account. Furthermore, the investigation revealed that when conducting a closing for another client, McDonald had received sufficient funds to pay the client's outstanding mortgage balance, but failed to pay that balance. McDonald's checks were returned by the mortgage company due to insufficient funds, and the mortgage remained unpaid for over two months, during which time McDonald repeatedly told his client that the funds would be disbursed immediately. Finally, the investigation revealed that during another closing, McDonald received sufficient funds to pay two mortgages for a client, that he did not pay them, that he repeatedly assured the client that the mortgages would be paid immediately, and that the mortgages remained unpaid for over two months.

Based upon these factual findings, the Investigative Panel found that McDonald had engaged in conduct violative of Standards 4 (engaging in professional conduct involving dishonesty, fraud, deceit, or wilful misrepresentation); 21, 22, and 23 (failing to follow the requirements for withdrawing from employment); 44 (wilfully abandoning or disregarding a legal matter); 45 (knowingly engaging in illegal conduct or conduct contrary to a disciplinary rule); 61 (failing to deliver funds to a client); 62 (failing to label or identify client funds); 63 (failing to render appropriate accounts to a client regarding funds); 65 (commingling client's funds with his own and failing to account for trust property held in a fiduciary capacity); and 68 (failing to respond to disciplinary authorities) of Bar Rule 4-102 (d).

2. In Case No. S95Y1459, the investigation of the grievance filed against McDonald revealed that he had received $3,500 from a client to hold in escrow. He disbursed a portion of the money to the borrowers and told them that the balance of $1,820.76 had been forwarded to the mortgage company to be applied toward the indebtedness secured by the mortgage. He later admitted that he had not forwarded the balance to the mortgage company, but had retained it entirely for himself.

Based upon this misconduct, the Investigative Panel found that

McDonald had engaged in conduct violative of Standards 4 (engaging in professional conduct involving dishonesty, fraud, deceit, or wilful misrepresentation); 44 (wilfully abandoning or disregarding a legal matter); 45 (knowingly engaging in illegal conduct or conduct contrary to a disciplinary rule); 61 (failing to deliver funds to a client); 63 (failing to render appropriate accounts to a client regarding funds); and 65 (commingling client's funds with his own and failing to account for trust property held in a fiduciary capacity) of Bar Rule 4-102 (d).

3. The Investigative Panel found that McDonald's continuing employment as an attorney in a real estate practice posed a threat of harm to the public. Noting that McDonald had defaulted in both cases by failing to respond to the Notices of Discipline served upon him, and based upon the factual findings described above, the Panel recommended disbarment in both cases.

Based upon the misconduct described above, which we find establishes McDonald's complete disregard for his legal, ethical, and fiduciary obligations as an attorney, we accept the Investigative Panel's recommendations, and order that Milton L. McDonald be disbarred from the practice of law and his name removed from the roll of those licensed to practice law in the State of Georgia. McDonald is directed to comply with Bar Rule 4-219 (c), and to certify to this Court that he has satisfied the requirements of that Rule.

*Disbarred. All of the Justices concur.*

DECIDED DECEMBER 4, 1995.

*William P. Smith III, General Counsel State Bar, Bridget B. Bagley, Deputy General Counsel, Jeffrey R. Davis, Assistant General Counsel State Bar,* for State Bar of Georgia.