S98Y0455. IN THE MATTER OF W. ROY MAYS III.
(495 SE2d 30)

PER CURIAM.

The State Bar filed a complaint against W. Roy Mays III, alleging his violation of the following standards of Bar Rule 4-102: Standard 31 (d) (failure to provide written statement upon the conclusion of a contingency matter); Standard 45 (e) (knowingly engaging in illegal conduct or conduct contrary to a disciplinary rule); Standard 45 (f) (settling a matter without client authorization); Standard 63 (failure to keep complete records); Standard 65 (A) (commingling lawyer's fund with his client's); and Standard 68 (failure to respond to disciplinary authorities). Although Mays failed to respond timely to the Notice of Investigation, he answered the complaint and appeared at the evidentiary hearing before the special master.

The special master made the following findings of fact: Mays agreed to represent a client in a personal injury matter on a contingent basis, told the client her case had been settled and advised her to pick up her check representing the settlement proceeds. The client was unable to negotiate the check, however, until two days later when Mays deposited into his trust account personal funds received

as payment from another client. Mays testified that the check represented settlement proceeds when the evidence showed to the contrary. Mays refused to provide the client an accounting of the settlement and failed to give her the case file upon her request. The special master found that Mays did not settle the client's case, that he let the statute of limitations run and paid her out of his own funds, and that he "lied about what really happened in his conversations with her, in his untimely answer to the Notice of Investigation, and in his testimony during the evidentiary hearing." Based on these findings, the special master took into consideration Mays' prior disciplinary record of three public reprimands and an Investigative Panel reprimand. Although normally confidential, an Investigative Panel reprimand shall be considered when invoking Bar Rule 4-103 regarding multiple offenses which was done in this case. See Bar Rule 4-208. The special master concluded that Mays violated Standards 31 (d) (2); 45 (e); 63; 65 (A); and 68, and recommended that Mays be disbarred. The special master found no violation of Standard 45 (f) only because the evidence established that, despite Mays' statements to the contrary, he had not settled the client's case with *or* without her consent. We have reviewed the record and agree that Mays should be disbarred. Disbarment is appropriate where, as here, a lawyer makes false statements with intent to deceive the court and causes serious injury to a party or significant adverse effect on the legal proceeding, and knowingly deceives a client and causes serious injury. See ABA Standards for Imposing Lawyer Sanctions (1991), Standards 4.61, 6.11. Other aggravating factors are present in this case including Mays' prior disciplinary actions; his dishonest motive and selfish intent; his pattern of misconduct; his multiple offenses; his submission of false statements; his refusal to acknowledge the wrongful nature of his conduct and his substantial experience in the practice of law since 1975. See ABA Standards 9.22 (a), (b), (c), (d), (f), (g) and (i). Further, we have recognized that a lawyer's failure to provide his client with basic settlement information is a serious disciplinary infraction. See *In the Matter of Manheim*, 259 Ga. 791 (387 SE2d 330) (1990). We agree with the special master that it is appropriate to treat Mays as a recidivist under Bar Rule 4-103, providing that a third or subsequent disciplinary infraction in and of itself constitutes discretionary grounds for suspension or disbarment. Given the circumstances in this case and Mays' apparent lack of regard for his responsibilities to his client, his similar disregard for the interests of other clients and the disciplinary process, and the lack of any mitigating factors, Mays is hereby disbarred and his name is removed from the roll of persons entitled to practice law in the State of Georgia. See *In the Matter of McDonald*, 266 Ga. 42, 44 (3) (464 SE2d 605) (1995); *In the Matter of Weiner*, 261 Ga. 159, 161 (402 SE2d 274)

(1991). Mays is reminded of his duties under Bar Rule 4-219 (c) to notify timely all clients of his inability to represent them, to take all actions necessary to protect the interests of his clients, and to certify to this Court that he has satisfied the requirements of the rule.

*Disbarred. All the Justices concur.*

DECIDED JANUARY 26, 1998 —
RECONSIDERATION DENIED FEBRUARY 23, 1998.

*William P. Smith III, General Counsel State Bar, Steven J. Kaczkowski, Jonathan W. Hewett, Assistant General Counsel State Bar,* for State Bar of Georgia.