S98Y1560. IN THE MATTER OF HIRSCH FRIEDMAN.
(505 SE2d 727)

PER CURIAM.

The State Bar filed a Formal Complaint against the respondent, Hirsch Friedman, on November 6, 1996, charging him with violating Standards 4 (professional conduct involving dishonesty, fraud, deceit or wilful misrepresentation); 31 (a) (entering into an agreement for, charging, or collecting an illegal or clearly excessive fee); 45 (b) (knowingly making a false statement of law or fact); 45 (e) (knowingly engaging in illegal conduct or conduct contrary to a disciplinary rule); and 46 (in representation of client, lawyer shall not conceal or knowingly fail to disclose that which he is required by law to reveal) of Bar Rule 4-102 (d). Friedman was served with the Complaint on April 29, 1997, and filed his answer on May 28, 1997. Following the appointment of a special master, an evidentiary hearing was conducted on October 9 and 13, 1997. On January 29, 1998, the special master filed his report concluding that Friedman violated Standards 4 and 31 (a) and may have violated Standards 45 (b), 45 (e) and 46. The State Bar then filed exceptions to the special master's report along with a request for review by the review panel. Subsequently, in its report, the review panel concluded that Friedman violated all five standards charged and recommended that Friedman receive an 18-month suspension, with conditions, for his violations of Standards 4, 31 (a), 45 (b), 45 (e) and 46 of Bar Rule 4-102 (d). The State Bar filed a timely exception to the report of the review panel endorsing the findings of fact and conclusions contained therein, but disagreeing with the recommended sanction. The State Bar contends that disbarment is the appropriate discipline in this case for Friedman's violations of Standards 4, 31 (a), 45 (b), 45 (e) and 46 of Bar Rule 4-102 (d). We agree with the State Bar.

In the instant case, Friedman was retained by a client to represent him in a bankruptcy case before the United States Bankruptcy Court, Northern District of Georgia. As part of his appearance in the bankruptcy case, Friedman submitted to the bankruptcy court an attorney's fee application for approval. In this application, Friedman stated he had already collected $3,500 in attorney's fees in advance from the client when, in fact, Friedman had demanded and received an additional $1,500 in attorney's fees from the client, which fees

were not approved by the bankruptcy court or even disclosed to it. Subsequently, the bankruptcy court convened an evidentiary hearing to review the attorney's fees application and investigate charges that additional fees had been collected. Despite Friedman's testimony denying the accusations, the bankruptcy court found that Friedman deliberately concealed a $1,500 attorney's fees payment made to him by check and did not disclose it in his fee application as required by federal law. At the evidentiary hearing in the disciplinary proceeding conducted by the special master, the client testified that Friedman continually sought payment of fees on top of the $3,500 retainer and that he paid Friedman additional fees in cash a number of times and once by check. According to the client, the payments were for attorney's fees and "trustee fees" demanded by Friedman for the bankruptcy case. In response to these allegations, Friedman offered several explanations for his client's accusations, including that the additional money paid him was not for attorney's fees but was meant as settlement funds in another case, and that a former associate was the one who had, in fact, collected unauthorized and undisclosed attorney's fees from the client.

The special master did not credit any of Friedman's explanations, specifically finding in his report that Friedman's associate did not accept any payment from the client; that Friedman's fee application to the bankruptcy court did not disclose the $1,500 attorney's fees payment made to Friedman by check; that the fee was prohibited under bankruptcy rules and, therefore, illegal; and that Friedman's fee application contained other falsehoods and misrepresentations which misled the bankruptcy court about the fee to which Friedman was entitled. In its report, the review panel report agreed with the findings of the special master that Friedman's version of events was not credible and was fatally undercut by his fabrication about the involvement of his associate and his other false representations in the fee application.

We agree with the review panel that Friedman violated Standards 4, 31 (a), 45 (b), 45 (e) and 46 of Bar Rule 4-102 (d). We also agree that the following constitute aggravating factors in this case: dishonest or selfish motive, the commission of multiple offenses, the submission of false statements during the disciplinary process, Friedman's refusal to acknowledge the wrongful nature of his conduct, and Friedman's substantial experience in the practice of law. In mitigation, we acknowledge that Friedman does not have any prior disciplinary record despite the fact that he has been a member of the Georgia Bar since 1976; however, we find this factor to be far outweighed by the aggravating factors. We note that disbarment is an appropriate sanction for violations of Standards 4, 45 (b) and 45 (e) and reiterate that this Court has little tolerance for a lawyer who lies

during disciplinary proceedings or engages in conduct involving dishonesty, fraud, deceit or misrepresentation. See *In the Matter of Mays*, 269 Ga. 100 (495 SE2d 30) (1998); *In the Matter of Calhoun*, 268 Ga. 675 (492 SE2d 514) (1997). Accordingly, Friedman is hereby disbarred from the practice of law in the State of Georgia. He is reminded of his duties under Bar Rule 4-219 (c).

*Disbarred. All the Justices concur.*

DECIDED SEPTEMBER 14, 1998 —
RECONSIDERATION DENIED OCTOBER 22, 1998.

*William P. Smith III, General Counsel State Bar, Jonathan W. Hewett, Assistant General Counsel State Bar,* for State Bar of Georgia.