S02Y1150. IN THE MATTER OF WILLIAM LEWIS VAUGHN.
(565 SE2d 463)

PER CURIAM.

The State Bar of Georgia filed a Formal Complaint charging Respondent William Lewis Vaughn with eight counts of violating Standard 4 (lawyer shall not engage in professional conduct involving dishonesty, fraud, deceit, or wilful misrepresentation) of Bar Rule 4-102 (d). After a special master was appointed by this Court, Vaughn filed his second petition for voluntary discipline, his first petition admitting to a violation of Standard 46 (lawyer shall not conceal or knowingly fail to disclose that which he is required by law to reveal) of Bar Rule 4-102 (d) and requesting a public reprimand having been rejected by this Court on September 18, 2001. In his second petition, Vaughn admitted he violated Standard 4 when he photocopied a file stamp from the Bibb County Clerk's office to make it appear that his client's deed to secure debt had been recorded when it had not, and forwarded the falsely-stamped deed to his client under the pretense that it had been recorded. He sought a six-month to one-year suspension with reinstatement conditioned upon completion of one or more proposed conditions.

In its response to Vaughn's petition, the State Bar asserted that Vaughn intentionally deceived his client and the court clerk, causing potential injury to his client and the court clerk. Accordingly, it recommended a suspension of one year and imposition of conditions as a prerequisite to reinstatement. The special master, having considered the testimony and argument of both parties at the hearing, concluded that Vaughn violated Standards 4 and 65 (failure to account for trust property held in a fiduciary capacity).[1] The special master noted the mitigating circumstances that Vaughn was experiencing personal and emotional problems; made full and free disclosure and displayed a cooperative attitude; was relatively inexperienced in the practice of law (having been admitted to practice in 1992); and showed genuine remorse and intent to learn from his mistakes. In aggravation, the special master observed that Vaughn made a negligent mistake that, if disclosed, would cause him to be denied future work from his client, and that he chose to be dishonest rather than face the consequences of his negligence. Based on the foregoing, the special master recommended a six-month suspension and imposition of the following conditions: (1) attend the State Bar's Ethics Course within 90 days of this Court's final order; (2) submit to and pass the Multi-State Professional Responsibility Exam; and/or (3) submit to the State Bar's Lawyer Assistance Program ("LAP") for evaluation, treatment for and monitoring of stress, anxiety and/or any other latent condition the LAP may determine appropriate.

We have reviewed the record and have come to the conclusion that a suspension of six months is an inappropriate sanction. In our view, given the fact that Vaughn's dishonest conduct was perpetrated in connection with a court document, and thereby touched on the integrity of the legal process, a suspension of one year is imperative. We do agree, however, that imposition of all the above-described conditions as a prerequisite for reinstatement is an appropriate complement to the suspension in this case. Accordingly, Vaughn hereby is suspended from the practice of law in the state of Georgia for a period of 12 months from the date of this opinion, with reinstatement contingent upon all the conditions set forth by the special master. Vaughn is reminded of his duties under Bar Rule 4-219 (c).

*Twelve-month suspension with conditions. All the Justices concur, except Benham, J., who dissents.*

BENHAM, Justice, dissenting.

Although I agree with the majority that Vaughn's choice to act

---

· [1] According to Vaughn's petition, the Investigative Panel voted to issue a Notice of Discipline charging him with violating Standards 4 and 65, but the parties agreed it would not be filed.

dishonestly in an effort to conceal a negligent act demands punishment, I do not agree that a full year's suspension is the appropriate sanction for his wrongful behavior. As the special master noted, Vaughn was experiencing personal and professional difficulties at the time he was faced with admitting a professional failing. Specifically, a marriage he had tried to save for the sake of his two children was failing again; maintaining a law practice established by his mentor, who died one year after Vaughn entered the practice, had become a struggle; and an office employee had stolen money from the practice. Faced with an embarrassing failure to perform services he should have performed, Vaughn made the wrong choice, dishonesty rather than disclosure. While the difficulties he was experiencing do not justify Vaughn's misbehavior, they provide a rational basis for the special master's recommendation of a six-month suspension. In addition, it must be noted that no harm to Vaughn's client resulted from either his negligent failure to ensure the filing of the deed or his dishonest effort to conceal that negligence, and that no fraudulent documents were submitted to any court.

Special masters are appointed in cases such as this one to consider the evidence, find facts, and recommend a resolution of the matter. In this case, the special master had an opportunity to hear from Vaughn and to gauge his sincerity. Having heard from Vaughn, the special master was in a better position than any other person or entity involved in this matter to make an informed judgment regarding the proper level of punishment needed to deter Vaughn from such misbehavior in the future. Under the circumstances of this case, this Court should give the special master's recommendation greater weight. For that reason, I would adopt the recommendation of the special master that Vaughn be suspended for six months, subject to the conditions set out by the special master. Because the majority is imposing a needlessly harsh sanction, I must dissent.

DECIDED JUNE 24, 2002.

*William P. Smith III, General Counsel State Bar, K. Gene Chapman, Assistant General Counsel State Bar*, for State Bar of Georgia. *Beltran & Associates, Douglas V. Chandler*, for Vaughn.

