## S03Y0385. IN THE MATTER OF JAMES FRANKLIN SHEHANE IV.
(575 SE2d 503)

PER CURIAM.

Following the filing of a grievance by a former client of respondent James F. Shehane IV and a finding of probable cause by the Investigative Panel of the State Disciplinary Board of the State Bar of Georgia, Respondent filed a petition for voluntary discipline in which he admitted conduct violating Standards 4 and 44, as well as Rules 3.3 and 8.4 of the Georgia Rules of Professional Conduct. Respondent admitted he had abandoned a client, deliberately made

---

false statements to the client and to the Investigative Panel which was looking into the client's grievance concerning respondent, fabricated evidence to buttress the falsehoods told the Investigative Panel, and presented the fabricated evidence to the Investigative Panel. *In the Matter of James Franklin Shehane IV*, S02Y0310. With the State Bar's acquiescence, respondent sought a one-year suspension from the practice of law for his infractions. In an order filed February 4, 2002, this Court rejected the petition on the ground that a one-year suspension was not the appropriate sanction for the disciplinary violation. Upon return of the case to the State Bar, a Special Master was appointed by this Court and he has recommended that Respondent be disbarred from the practice of law in Georgia. We agree with the Special Master's recommendation that Respondent's conduct merits disbarment from the practice of law in Georgia.

After the case was returned to the State Bar, Shehane failed to answer the formal complaint filed by the State Bar and the Special Master entered a default against respondent, thereby deeming admitted the facts alleged and the violations charged in the formal complaint. Rule 4-212 (a) of the Rules and Regulations of the State Bar of Georgia.[1] The facts and violations deemed admitted by the default are the same as those admitted by respondent in his Petition for Voluntary Discipline. Those facts showed that respondent represented a client in the United States District Court for the Southern District of Georgia when the district court dismissed with prejudice the client's claim under the Americans with Disabilities Act and dismissed without prejudice the client's state law tort claim. Respondent told the client he would re-file the tort claim in state court and later informed the client he had re-filed the claim in state court. However, the state law tort claim was never re-filed in any court, and respondent knew that when he told the client he had re-filed the claim (Standards 4 and 45 (b)). Respondent's failure to re-file the case was, in effect, wilful abandonment or wilful disregard of a legal matter entrusted to him, without just cause and to the detriment of his client (Standard 44). Respondent withdrew from his representation of the client without taking reasonable steps to avoid foreseeable prejudice to the client's rights (Standard 22). When the client learned of respondent's failure to re-file the suit and his misrepresentations to the client, the client filed a grievance with the State Bar of Georgia. In response to the Notice of Investigation, respondent falsely told the Investigative Panel that he had never agreed to re-file the tort claim in state court and that he had sent two letters to the

---

[1] Two weeks after the order of default was filed, respondent filed a petition to open default. The Special Master denied the petition.

client with that information (Standard 4). Subsequently, respondent presented the two letters he said he had sent to the client and postal receipts for those letters. The letters and the postal receipts were fabricated by respondent and, in fabricating them and presenting them to the Investigative Panel, respondent knowingly made a false statement of material fact, knowingly offered evidence he knew to be false, and attempted to deceive the Panel and misrepresent his conduct in handling the client's case (Standard 4, Rule 3.3 (a) (1), Rule 3.3 (a) (4), Rule 8.4 (a) (4)).

We agree with the Special Master that respondent's conduct violated Standards 4, 22, 44, and 45 (b) and Rules 3.3 (a) (1), 3.3 (a) (4), and 8.4 (a) (4) of the Georgia Rules of Professional Conduct. All of respondent's conduct except the violation of Standard 22 is punishable by disbarment. While respondent has not been the subject of any prior disciplinary action during his eight-year membership in the State Bar of Georgia, we take very seriously his deliberate, deceitful acts to obfuscate the truth. Making deliberate statements of falsehood to clients who seek information concerning an attorney's performance of professional services and to the investigative process established by this Court to aid in the regulation of the practice of law in Georgia is not tolerated. See, e.g., *In the Matter of Vaughn*, 275 Ga. 295 (565 SE2d 463) (2002) (attorney falsified document to make it appear as if it had been recorded); *In the Matter of Bowie*, 274 Ga. 355 (554 SE2d 153) (2001) (attorney falsely told client defendant had filed an answer to a complaint filed by attorney on behalf of client but which complaint was never served on defendant); *In the Matter of Chapman*, 271 Ga. 178 (516 SE2d 781) (1999) (attorney falsely told clients she had filed an action on their behalf); *In the Matter of Friedman*, 270 Ga. 5 (505 SE2d 727) (1998) (attorney deliberately told falsehood during disciplinary proceedings and submitted a false attorney's fee application to bankruptcy court); *In the Matter of Mays*, 269 Ga. 100 (495 SE2d 30) (1998) (attorney deliberately told falsehoods to client, to Investigative Panel, and during hearing before the special master); *In the Matter of Findley*, 265 Ga. 6 (453 SE2d 95) (1995) (attorney falsely told client he had filed suit and had obtained a restraining order, and fabricated an answer on behalf of the purported defendant).[2] Accordingly, the name of James Franklin Shehane IV hereby is removed from the rolls of lawyers authorized to

---

[2] In a pleading filed in this Court, respondent asserts he does not dispute the general allegations of the complaint, but maintains that suspension rather than disbarment is the appropriate sanction. Respondent also maintains he has not been served with the Special Master's Findings of Fact and Conclusions of Law. Respondent's address, as listed on respondent's pleading, is the same as one of the addresses to which the Special Master certified on October 7, 2002, that he had sent copies of his Report.

practice law in the State of Georgia. Respondent is reminded of his duties under Bar Rule 4-219 (c) to notify timely all clients of his inability to represent them, to take all actions necessary to protect the interests of his clients, and to certify to this Court that he has satisfied the requirements of the rule.

*Disbarred. All the Justices concur.*

DECIDED JANUARY 13, 2003 —
RECONSIDERATION DENIED FEBRUARY 7, 2003.

*William P. Smith III, General Counsel State Bar, Jonathan W. Hewett, Assistant General Counsel State Bar*, for State Bar of Georgia.