S03Y1786. IN THE MATTER OF WILLIAM LEWIS VAUGHN.
(585 SE2d 881)

PER CURIAM.

This disciplinary matter is before the Court on the special master's report recommending acceptance of respondent William Lewis Vaughn's Petition for Voluntary Surrender of License. The State Bar also recommends that Vaughn's petition be accepted. Vaughn filed his petition pursuant to Bar Rule 4-227 (c) after the Investigative Panel of the State Bar's State Disciplinary Board found probable cause to charge respondent with violations, the State Bar issued three Formal Complaints, and this Court appointed a special master. In his petition, Vaughn admits having violated Rules 1.3 and 8.4 (a) (4) of Bar Rule 4-102 (d) of the Georgia Rules of Professional Conduct. A violation of either rule is punishable by disbarment and a voluntary surrender of license is tantamount to disbarment.

Rule 8.4 (a) (4) prohibits a lawyer from engaging in professional conduct involving dishonesty, fraud, deceit, or misrepresentation. In his petition, Vaughn admits he violated Rule 8.4 (a) (4) when, on two separate occasions, he represented a mortgage company and prepared a HUD-1 settlement statement regarding the sale of certain real property. Vaughn admits he knew one of the settlement statements did not reflect the actual payments the parties involved in the transaction made and did not reflect the actual value of the property involved in the transaction. With regard to the other HUD-1 settlement statement, Vaughn admits he was aware the settlement statement contained untrue statements of fact and did not accurately reflect the transaction between the parties.

Rule 1.3 requires a lawyer to act with reasonable diligence and promptness in representing a client, and prohibits a lawyer from wilfully abandoning or wilfully disregarding a legal matter entrusted to the lawyer, to the detriment of the client and without just cause. Vaughn admits he violated Rule 1.3 when he wilfully delayed filing until May 2002 a security deed and a release of a second mortgage after serving as the settlement agent when the owner refinanced the

property in July 1999. When the individual attempted in April 2002 to sell the property for which the security deed had not been filed, the attorney handling the 2002 closing determined that the security deed concerning the property had not been recorded and contacted Vaughn about the problem. Vaughn informed the attorney the unrecorded deed and the release of a second mortgage were in a file in Vaughn's office. Vaughn recorded the security deed and the release on May 2, 2002; however, Vaughn's wilful delay in recording the documents prevented the individual from closing the sale of her property in April 2002. Although there is neither evidence nor an admission that the property owner whose security deed was not filed was Vaughn's client, we conclude that Rule 1.3 was violated because Vaughn's admitted wilful three-year delay in filing the security deed could cause his client in the refinancing transaction "needless anxiety and undermine confidence in the lawyer's trustworthiness." Comment (2) to Rule 1.3.

We have reviewed the record in this case and conclude that Vaughn's Petition for Voluntary Surrender of License should be accepted on the basis of his admission of twice violating Rule 8.4 (a) (4) and having violated Rule 1.3. We note that Vaughn has prior disciplinary violations for which he received a 12-month suspension with conditions (*In the Matter of Vaughn*, 275 Ga. 295 (565 SE2d 463) (2002)), and a Review Panel reprimand. *In the Matter of Vaughn*, Case No. S00Y1933 (September 8, 2000). Accordingly, Vaughn's Petition for· Voluntary Surrender of License hereby is accepted. He is reminded of his duties under Bar Rule 4-219 (c).

*Voluntary surrender of license accepted. All the Justices concur.*