## S05Y0035, S05Y0037. IN THE MATTER OF JAMES W. AVANT
(two cases).
(603 SE2d 295)

PER CURIAM.

These disciplinary matters are before the Court pursuant to the Report and Recommendation of a special master who recommends the Court accept Respondent James W. Avant's petition for voluntary surrender of his license to practice law in Georgia in light of his admission that he repeatedly violated the Georgia Rules of Professional Conduct in his role as closing attorney for several real estate transfers. Avant filed his petition following the issuance of two Formal Complaints by the State Bar of Georgia. In his petition, Avant admits that his conduct violated Rules 1.5,[1] 1.15 (I) (b),[2] 5.3,[3] and 8.4 (a) (4)[4] of Bar Rule 4-102 (d) of the Georgia Rules of Professional Conduct. The maximum penalty for a violation of Rule 1.15 (I) (b), 5.3, or 8.4 (a) (4) is disbarment, while the maximum penalty for a violation of Rule 1.5 is a public reprimand.

With regard to Case No. S05Y0035, Avant acted as a closing attorney for a real estate closing on a certain property and represented Oakmont Mortgage Company, Inc. in the transaction. Avant admits he signed the HUD-1 settlement statement even though the statement did not reflect the actual agreement between the parties and contained false information.

In Case No. S05Y0037, Avant acted as the closing attorney for real estate closings on seven properties and represented Oakmont Mortgage Company, Inc. in each of the transactions. With regard to these transactions, Avant admits he was not present at the closings but signed the HUD-1 settlement statements in which he averred he had witnessed the closings and had or would cause the funds to be

---

[1] Rule 1.5 states that a lawyer's fee shall be reasonable and sets forth factors to be considered in determining reasonableness.

[2] Rule 1.15 (I) (b) sets out a lawyer's duty to notify promptly the client or third party upon receiving funds or other property in which the client or third party has an interest and the duty to promptly deliver any funds or other property the client or third party is entitled to receive.

[3] Rule 5.3 sets out a lawyer's responsibilities regarding a non-lawyer employed by the lawyer.

[4] Rule 8.4 (a) (4) prohibits a lawyer from engaging in professional conduct involving dishonesty, fraud, deceit, or misrepresentation.

disbursed in accordance with the statements. Avant admits he received attorney fees from the closings even though he was not present. He further admits the HUD-1 settlement statements did not reflect the actual agreements between the parties, contained false information, and did not reflect the actual disbursements made after the closings. Avant also admits that from about June 24, 2002 through about October 13, 2003, his office assistant prepared the closing documents for numerous real estate transactions for which Avant was the closing attorney; that he did not supervise his assistant in the preparation of the documents; that his assistant conducted the closings for the real estate transactions in Avant's absence and with his knowledge and direction; and that he signed the closing documents as the settlement agent after his assistant had actually conducted the closings.

We have reviewed the records in these cases and agree with the special master that Avant's petition should be accepted. See *In the Matter of Vaughn*, 277 Ga. 33 (585 SE2d 881) (2003), where this Court accepted voluntary surrender of license for multiple ethical violations involving HUD-1 settlement statements. Accordingly, Avant's Petition for Voluntary Surrender of License hereby is accepted. He is reminded of his duties under Bar Rule 4-219 (c).

*Petition for voluntary surrender of license accepted. All the Justices concur.*

DECIDED SEPTEMBER 27, 2004.

*William P. Smith III, General Counsel State Bar, Elizabeth M. Williamson, Assistant General Counsel State Bar*, for State Bar of Georgia.
*Floyd M. Buford, Jr.*, for Avant.