S12Y0016. IN THE MATTER OF KAREN P. CLEAVER-
BASCOMBE.

(717 SE2d 478)

PER CURIAM.

Respondent Karen P. Cleaver-Bascombe, a member of the State Bar of Georgia since 1995,[1] was disbarred from the practice of law in the District of Columbia pursuant to a decision of the District of Columbia Court of Appeals that was made final on September 23, 2010, when that court denied her petition for rehearing. See *In re Cleaver-Bascombe*, 986 A2d 1191 (D.C. 2010); *In re Cleaver-Bascombe*, 892 A2d 396 (D.C. 2006); *In the Matter of Cleaver-Bascombe*, 287 Ga. 824 (700 SE2d 392) (2010). The District of Columbia Court of Appeals determined there was sufficient evidence to support the finding of the Board on Professional Responsibility that respondent, while representing an indigent defendant, had submitted for payment a fraudulent voucher seeking compensation for service she knew she had not rendered, and had exacerbated her misconduct when, in sworn testimony, she defended the voucher she had submitted and insisted it fairly reflected the services she had rendered. *In re Cleaver-Bascombe*, 986 A2d at 1194. Upon receipt of a copy of the order denying respondent's petition for rehearing in the District of Columbia proceeding, the Office of General Counsel for the State Bar of Georgia initiated this reciprocal discipline proceeding before the Review Panel of the State Bar of Georgia. See Rule 9.4 (b) of the State Bar of Georgia's Rules of Professional Conduct.

In cases in which reciprocal discipline is sought, the Review Panel shall recommend to the Supreme Court of Georgia imposition of the identical discipline imposed by the other jurisdiction or removal from the practice of law due to mental incapacity or substance abuse, unless the Review Panel makes one of several findings listed in Rule 9.4 (b) (3) (i)-(v). Respondent submitted to the Review Panel her contention that imposition of the sanction of suspension or disbarment by this Court was unwarranted under Rule 9.4 (b) (3) and sought a stay of the proceedings during the pendency of her second motion for rehearing before the District of

---

[1] State Bar No. 129760.

Columbia Court of Appeals. The Review Panel found that, for purposes of imposing reciprocal discipline in Georgia, the disciplinary proceeding in the District of Columbia was final with the denial of respondent's first petition for rehearing (see *In the Matter of Cleaver-Bascombe*, supra, 287 Ga. 824), and that respondent had not made a sufficient showing under Rule 9.4 (b) (3) (i)-(v) in her attack on the District of Columbia disciplinary proceeding to justify recommendation of discipline other than that imposed by the District of Columbia Court of Appeals. Neither respondent nor the State Bar filed exceptions to the Review Panel report.

We agree with the Review Panel that the decision of the District of Columbia Court of Appeals is final, for purposes of the imposition of reciprocal discipline, when the respondent's petition for rehearing is denied. *In the Matter of Cleaver-Bascombe*, supra, 287 Ga. 824. The conduct found by the District of Columbia Court of Appeals to have occurred in a jurisdiction other than Georgia (see Rule 9.4 (b) (3) (v)) violated Georgia Rules 1.5 (a) (charging an unreasonable fee); 3.3 (a) (1) (knowingly making a false statement of material fact to a tribunal); and 8.4 (a) (4) (engaging in professional conduct involving dishonesty, fraud, deceit, or misrepresentation).[2] The maximum punishment for violation of Rule 1.5 (a) is a public reprimand, while disbarment is the maximum punishment for violation of Rules 3.3 (a) (1) and 8.4.

Having reviewed the record, we agree with the Review Panel that reciprocal discipline is appropriate in this case. Accordingly, effective as of the date of this opinion, Cleaver-Bascombe hereby is disbarred from the practice of law in Georgia. She is reminded of her duties under Bar Rule 4-219 (c).

*Disbarred. All the Justices concur.*

---

[2] The District of Columbia appellate court also found respondent's conduct to have violated the District's rule against engaging in conduct that seriously interferes with the administration of justice. Georgia does not have a rule that expressly prohibits such conduct, but notes in Comment 3 to Rule 8.4 that a lawyer is professionally answerable for illegal conduct that indicates lack of the characteristics relevant to the practice of law, and offenses involving serious interference with the administration of justice fall within that category.