S12Y1045. IN THE MATTER OF NERRYLLE
MANNING-WALLACE.
(727 SE2d 502)

PER CURIAM.

This matter is before the Court on the Report of the Special Master, M. J. Blakely, Jr., recommending that Nerrylle Manning-Wallace ("Respondent"), State Bar No. 469702, be disbarred for her violations of Rules 3.3 (a) (4) and 3.4 (b) (1) of the Georgia Rules of Professional Conduct. See Bar Rule 4-102 (d). Because neither party sought Review Panel review, they cannot now file exceptions to the special master's report or request oral argument. See Bar Rule 4-217 (c).

On May 17, 2010 this Court rejected Respondent's first petition for voluntary discipline. See *In re Manning-Wallace*, 287 Ga. 223 (695 SE2d 237) (2010). In that opinion the Court recited the following facts:

> Manning-Wallace was injured in an automobile accident in 2003 and underwent physical therapy. She filed a claim pro se against the other driver and at the 2006 trial Manning-Wallace offered into evidence two documents she had produced previously to the other driver's insurance company. One was an "Initial Evaluation" form from the therapist and the other was an account statement from the therapist listing treatment from July 29, 2003 to October 15, 2003. A representative from the therapist's office testified at trial that they had no such documents in their records, that Manning-Wallace was not listed on the sign-in sheets for those dates, and that the statement was not a bill from their office. In her petition, although Manning-Wallace admits that the documents were fabricated, that she knew or should have known that the documents were fabricated and that her conduct violated Rules 3.3 and 3.4, she nevertheless denies "creating" the fabricated documents.

Respondent then submitted another petition for voluntary discipline and after the special master expressed concerns that the petition did not "contain admissions of fact and admissions of conduct . . . sufficient to authorize the imposition of discipline," Bar Rule 4-227 (c) (3) (i), the parties agreed to provide Respondent with an opportunity to supplement her petition with sworn testimony prior to scheduling an evidentiary hearing. Respondent submitted to examination by Bar counsel and the special master. She did not supplement her petition with testimony constituting admissions, however, and in

fact, emphatically denied the allegations against her. The special master rejected the petition for voluntary discipline and held evidentiary hearings in July and August 2011 at which Respondent refused to testify, and after which both parties submitted closing arguments. In his report, the special master recited in detail the evidence adduced at the hearings and in the record, which was contradictory to Respondent's testimony and evidence (much of which the special master found not credible), and which led him to conclude that Respondent either created the fabricated documents or caused them to be created, knowingly offered those documents as evidence of her claim for damages in her personal injury case, and lied about doing so in the disciplinary proceedings.

We have reviewed the record and agree with the special master that Respondent violated Rule 3.3 (a) (4) when she offered evidence she knew to be false in support of her damages in her personal injury case and knowingly made false statements of a material fact to a tribunal regarding same, and she failed to take any remedial action after making the false statements and offering the false evidence. She violated Rule 3.4 when she created or caused the false documents to be created. We find Respondent's suggested mitigating factors unpersuasive and conclude that disbarment is the appropriate sanction in this matter. See *In the Matter of Friedman*, 270 Ga. 5, 6 (505 SE2d 727) (1998) ("this Court has little tolerance for a lawyer who lies during disciplinary proceedings or engages in conduct involving dishonesty, fraud, deceit or misrepresentation"); *In the Matter of Shehane*, 276 Ga. 168, 170 (575 SE2d 503) (2003) (making deliberate false statements to clients and disciplinary authorities "is not tolerated" and warrants disbarment).

Accordingly, the name of Nerrylle Manning-Wallace hereby is removed from the rolls of attorneys authorized to practice law in the State of Georgia. She is reminded of her duties under Bar Rule 4-219 (c).

*Disbarred. All the Justices concur.*

DECIDED MAY 7, 2012.

*Paula J. Frederick, General Counsel State Bar*, for State Bar of Georgia.