295 Ga. 135
FINAL COPY

S14Y0830.  IN THE MATTER OF SARAH SPENCE COOKSEY.

PER CURIAM.

This matter is before the Court on the Report and Recommendation of the Special Master, Charles C. Clay, recommending that Sarah Spence Cooksey (State Bar No. 388668) be disbarred for her abandonment of a client in civil litigation in superior court and misrepresentations to the trial court.  The State Bar filed a formal complaint and attempted to serve it on Cooksey, but the sheriff filed a return of service non est inventus.  The State Bar then served Cooksey by publication, but Cooksey failed to respond.

The special master found Cooksey in default and found the following facts admitted by default.  See Bar Rule 4-212 (a).  Cooksey began representing a client in October 2010 while she was associated with a law firm.  Cooksey resigned from the firm in December 2010 and informed the firm that the client wished her to continue to represent him.  In January 2011, Cooksey failed to attend two hearings held in the trial court in the client's case, but she did file a Rule 5.2 certificate of service indicating that she had provided discovery

requests to opposing counsel. Cooksey did appear at a February 28, 2011 hearing, but thereafter the client was unable to communicate with Cooksey. Cooksey did not respond to the client's calls or e-mails, and she vacated her office. Cooksey failed to attend subsequent hearings held in the client's case, but wrote to the trial judge, falsely claiming that the client had not retained her, that she had filed no pleadings with the court after her resignation from the law firm, and that the client had met with attorneys at the law firm, including her replacement.

The special master concluded that by these actions Cooksey violated Rules 1.3, 1.4, 1.16 (a), (c), and (d), 3.2 (a) (1), and 8.4 (a) (4) of the Georgia Rules of Professional Conduct found in Bar Rule 4-102 (d). The maximum sanction for a violation of Rules 1.3, 3.2 (a) (1), and 8.4 (a) (4) is disbarment; the maximum sanction for a violation of Rules 1.4 and 1.16 (a), (c), and (d) is a public reprimand. The special master determined that disbarment was the appropriate sanction, citing In the Matter of Manning-Wallace, 291 Ga. 96 (727 SE2d 502) (2012) (disbarment for violations of Rules 3.3 and 3.4 in connection with submission of false documents to court), In the Matter of Cleaver-Bascombe, 290 Ga. 78 (717 SE2d 478) (2011) (disbarment as reciprocal discipline for

submission of fraudulent pay voucher and giving sworn testimony in support of the voucher), and In the Matter of Shehane, 276 Ga. 168 (575 SE2d 503) (2003) (disbarment for false statements to and abandonment of client and submission of false statements and fabricated documents to the State Bar).

Having reviewed the record and the special master's thorough order, we conclude that disbarment is the appropriate sanction. Therefore, it is hereby ordered that the name of Sarah Spence Cooksey be removed from the rolls of persons authorized to practice law in the State of Georgia. She is reminded of her duties pursuant to Bar Rule 4-219 (c).

Disbarred. All the Justices concur.


Decided April 22, 2014.

Disbarment.

Paula J. Frederick, General Counsel State Bar, Rebecca A. Hall, Assistant General Counsel State Bar, for State Bar of Georgia.

3