302 Ga. 742
FINAL COPY

S17Y1593. IN THE MATTER OF JOHN F. MEYERS.

PER CURIAM.

This disciplinary matter is before the Court on the report of the Review Panel, which recommends rejecting the special master's recommendation of disbarment and instead imposing a two-year suspension on respondent John F. Meyers (State Bar No. 503692) for his violations of various Georgia Rules of Professional Conduct, see Bar Rule 4-102 (d). Both the State Bar and Meyers have timely filed exceptions to the Review Panel's report and recommendation. We agree with the Review Panel that the circumstances of this case warrant a two-year suspension.

The evidence presented in this case is significant and conflicting, but the following appears to be undisputed. A member of the Georgia Bar since 1983, Meyers was at all relevant times an equity partner at a large law firm. He had billing responsibilities for many clients, including the large corporate client at issue in this case. For a number of years, Meyers's law firm performed legal services for the corporate client and its subsidiaries. The contact person for the

corporate account was in-house counsel for one of the corporation's wholly-owned subsidiaries.

At some point, in-house counsel told Meyers that his employer permitted its in-house attorneys to perform outside legal work as long as it was not on company time and did not raise any conflicts of interest with company matters, and in-house counsel indicated a desire for Meyers's law firm to do some of the work for his own outside clients. As a result, beginning in 2011, attorneys at the firm did legal work for the benefit of in-house counsel's personal clients and for his private practice. When difficulties arose in collecting the fees for those services from the in-house counsel's personal clients, the amounts due were rolled into the bills sent to the law firm's corporate client, with the descriptions of the work that had been performed edited to eliminate information that would make clear that the work was not performed directly for the corporate client.[1] The corporate client discovered the practice and fired in-house counsel in August 2012.[2] The client then initiated an inquiry with the law firm, which

[1] In-house counsel testified that Meyers initially had agreed to write off the cost of those services as "client development," then came back to in-house counsel saying that he needed to recoup the fees somehow. Meyers denies ever agreeing to write off the fees. It does not appear that the special master resolved this dispute.

[2] Ultimately, in-house counsel was allowed to voluntarily surrender his license to practice law in Georgia. See In the Matter of Ditano, 293 Ga. 79 (743 SE2d 427) (2013).

2

reimbursed the corporate client for the amounts it had actually paid, wrote off the other invoices, and confronted Meyers.

From the start, Meyers admitted that he submitted the altered bills but asserted, as he still does, that he did so at the behest of in-house counsel, who Meyers contended advised him that the procedure was acceptable because much of the work performed ultimately would be beneficial to the corporate client and because in-house counsel would reimburse the corporate client for any work that was not beneficial to it. When confronted, Meyers immediately offered to reimburse the firm or the client, and he did ultimately repay the law firm.[3] Meyers, who resigned within a few weeks of being confronted, now acknowledges that the alterations to the bills could have helped conceal from the corporate client the fact that the legal work was performed on behalf of the in-house counsel and his clients, but nevertheless steadfastly denies any knowing participation in a scheme to defraud the client. Instead, Meyers claims that he was duped and misled by in-house counsel, whom he reasonably trusted.

Based on this conduct, the State Bar charged Meyers with violating Rules

---

[3] In its formal complaint, the State Bar avers that Meyers paid the firm $95,310.31 — $38,055.73 for improper billings that the client had paid, $55,295.88 for the firm's write-off of time that had been billed to the client but not paid, and $1,958.70 for the firm's write-off of work that had not been billed.

3

1.4, 1.5 (a), 7.1 (a) (1), 8.1 (a), and 8.4 (a) (4) of the Georgia Rules of Professional Conduct. See Bar Rule 4-102 (d). The maximum penalty for a violation of Rule 1.4 or 1.5 (a) is a public reprimand, while the maximum penalty for a violation of Rule 7.1 (a) (1), 8.1 (a), or 8.4 (a) (4) is disbarment.

The matter was heard by special master David Anthony LaMalva, who issued a report and recommendation finding that Meyers had violated all of the Rules with which he had been charged and recommending disbarment as the appropriate remedy. Meyers filed exceptions to the special master's report and recommendation and the case proceeded to the Review Panel, which subsequently issued its own report and recommendation. The Review Panel agreed with the special master that the clear and convincing evidence showed that Meyers had violated Rules 1.4, 1.5 (a), and 7.1 (a) (1) and further agreed that Meyers had violated Rule 8.4 (a) (4) by preparing and submitting false and misleading invoices to the corporate client for work done by the law firm for other clients. The Review Panel rejected, however, the special master's conclusion that Meyers's continued denial during the disciplinary proceedings that he was complicit in any scheme to defraud the corporate client amounted to a violation of Rule 8.1 (a). The Review Panel reasoned that the Bar Rules do not require an attorney to choose between admitting an intentional violation of

the Rules in the disciplinary action or facing a Rule 8.1 (a) violation. Similarly, although the Review Panel found that Meyers violated Rule 8.4 (a) (4) based on the bills he submitted to the client, the Review Panel, unlike the special master, did not rely on any dishonesty by Meyers during the disciplinary process in finding a violation of this rule.

In considering the appropriate disciplinary sanction, the Review Panel agreed with the special master's determination that Meyers's lack of prior disciplinary history and the good character witnesses he presented were mitigating factors. The Panel recognized as a mitigating factor Meyers's having reimbursed his firm for both the fees that the firm had refunded to the corporate client and those fees that had been billed but not paid. The Panel also said that there was no indication in the record that Meyers had failed to respond to the disciplinary investigation, saying that Meyers's failure to admit every violation alleged during the investigation or "the conclusions to be drawn" from the evidence should not be deemed an uncooperative attitude. In aggravation, Meyers did not challenge the special master's findings that the case involved multiple offenses and that he had substantial experience in the practice of law. But the Review Panel rejected the special master's findings in aggravation that Meyers did not acknowledge the wrongful nature of his conduct and that he

submitted false statements to a tribunal by refusing to concede that he intentionally defrauded his client.

Ultimately, the Review Panel concluded that, although the violations in the case were extremely serious, the special master's proposed punishment of disbarment was too harsh under the circumstances. The Review Panel sought to distinguish cases relied on by the special master in which lawyers had been disbarred after being found to have been dishonest during the disciplinary process.[4] The Panel held that although Meyers's conduct in this matter was

---

[4] The Review Panel distinguished In the Matter of Majette, 295 Ga. 4 (757 SE2d 114) (2014) on the ground that Majette involved the purposeful submission of wholly unsupported and materially misleading time sheets and invoices to her client, misrepresenting her hours and fees to a court, creating inflated invoices for work after the fact despite the failure to maintain contemporaneous time records, failing to credit retainer fees to a client's account, charging a client for attending a CLE seminar unrelated to the client's case, protracting settlement of the client's case by filing an unsupportable lien against the client, and refusing to admit the wrongful nature of her conduct or to express remorse. It distinguished In the Matter of Friedman, 270 Ga. 5, 6-7 (505 SE2d 727) (1998), as involving an attorney's failure to disclose to the bankruptcy court the payment of $1,500 in attorney fees, which was prohibited and illegal under bankruptcy rules, his submission to the bankruptcy court of documents riddled with other falsehoods and misrepresentations meant to mislead the court, and his fabrication during the disciplinary proceedings of information about the involvement of his associate. It distinguished In the Matter of Mays, 269 Ga. 100 (495 SE2d 30) (1998), as involving the purposeful misrepresentation of facts to a client and to disciplinary authorities by an attorney with a significant prior disciplinary history. It distinguished In the Matter of Shehane, 276 Ga. 168 (575 SE2d 503) (2003), as involving a lawyer who had fabricated documentary evidence to deceive the Investigative Panel. Finally, it distinguished In the Matter of Davis, 290 Ga. 857 (725 SE2d 216) (2012), in that the lawyer there provided what the Panel termed a "factually inaccurate" response in a disciplinary proceeding — to the effect that she was present in court when she was not — that was refuted by the client and several witnesses.

unacceptable and in violation of the Rules of Professional Conduct, the cases resulting in disbarment for misleading and fraudulent fee statements typically include more aggravating factors not present in this case. And, after taking into consideration the facts that Meyers had made full restitution to his firm, that the client was reimbursed for any loss, and that Meyers has never been the subject of a disciplinary complaint in his extensive 30-year-plus legal career, the Review Panel unanimously concluded that a two-year suspension from the practice of law was a more appropriate discipline.

Both Meyers and the State Bar have filed exceptions to the Review Panel's report, challenging at length its conclusions as to the various disciplinary violations, its consideration of mitigating and aggravating circumstances, and its recommendation as to the appropriate level of discipline. After this Court's extensive review of the record in this case, we agree with the Review Panel's findings and conclusions as to the various Rules violations and as to the mitigating and aggravating factors. In particular, we agree with the Review Panel's implicit conclusion that a lawyer's decision to put up a defense in a disciplinary proceeding — whether by disputing evidence against him or refusing to concede whatever inferences the State Bar argues may be drawn therefrom — is not always an aggravating factor that counsels imposition of

harsher discipline. Further, this Court agrees that a two-year suspension from the practice of law is a sufficient sanction for Meyers's conduct in this case. See <u>In the Matter of Moore</u>, 300 Ga. 407 (792 SE2d 324) (2016) (one-year suspension with conditions for violations of Rules 3.3, 4.1, and 8.4 (a) (4) where attorney failed to serve opposing party with pleadings, falsely stated in certificates of service that he had done so, misrepresented communications with the opposing party, denied wrongdoing in the disciplinary proceedings, and expressed neither remorse nor acceptance of responsibility); <u>In the Matter of Reddick-Hood</u>, 296 Ga. 95 (764 SE2d 416) (2014) (three-year suspension with conditions for violations of various Rules including 1.4, 8.1, and 8.4 (a) (4), despite prior disciplinary history, where attorney provided restitution and expressed remorse and other mitigating factors were present); <u>In the Matter of Lang</u>, 292 Ga. 894 (741 SE2d 152) (2013) (accepting petition for voluntary discipline and imposing a 12-month suspension with conditions — while recognizing substantial mitigating circumstances — for violations of Rules 1.4, 1.15 (II), and 4.1 based on misuse of trust account and prolonged effort to deceive client and opposing counsel); <u>In the Matter of Wright</u>, 291 Ga. 841 (732 SE2d 275) (2012) (public reprimand and six-month suspension where attorney violated Rules 3.3 and 8.4 by making false statements to the Court of Appeals and continued to deny

8

wrongdoing throughout the disciplinary proceedings). Accordingly, John F. Meyers hereby is suspended from the practice of law in the State of Georgia for a period of two years. Because there are no conditions on Meyers's reinstatement other than the passage of time, there is no need for him to take any action either through the State Bar or through this Court to effectuate his return to the practice of law. Instead, the suspension based on this opinion will take effect as of the date this opinion is issued and will expire by its own terms two years later. Meyers is reminded of his duties pursuant to Bar Rule 4-219 (c).

Two-year suspension. All the Justices concur.

Decided December 11, 2017.

Suspension.

Paula J. Frederick, General Counsel State Bar, Jenny K. Mittelman, Jonathan W. Hewett, Assistant General Counsel State Bar, for State Bar of Georgia.

Akin & Tate, S. Lester Tate III, W. Matthew Wilson, for Meyers.